UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ORINDA INTELLECTUAL PROPERTIES USA HOLDING GROUP, INC., <br><br> Plaintiff, <br> v. <br><br> SONY CORPORATION; SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT, INC., and SONY COMPUTER ENTERTAINMENT AMERICA, INC. <br><br> Defendants. | Civil Action No. 2-08cv-323 <br><br> JURY |

## SONY'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Sony Corporation ("Sony Corp."), Sony Electronics Inc. ("SEL"), Sony Computer Entertainment, Inc. ("SCEI"), and Sony Computer Entertainment America Inc. ("SCEA") (collectively referred to herein as "Sony") hereby answer the Complaint of Plaintiff Orinda Intellectual Properties USA Holding Group, Inc. ("Orinda") as follows:

### THE PARTIES

1. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2. Sony Corp. admits that it is a corporation organized and existing under the laws of Japan. Sony Corp. also admits that its subsidiaries distribute and sell the following products in the United States: PlayStation 3 computer entertainment systems that include a Blu-ray Disc drive, Blu-ray Disc players, VAIO computers including Blu-ray Disc drives, computer peripheral products including Blu-ray Disc drives and Blu-ray Disc drives made by third parties to be

included in other third parties' computer products.  Sony Corp. further admits upon information and belief that the above products are shipped into the Eastern District of Texas by other entities.  Sony Corp. denies the remaining allegations of paragraph 2.

3. Sony Corp. admits that its employees travel to the United States to meet with employees of its subsidiaries SEL and SCEA and to attend tradeshows.  Sony Corp. denies the remaining allegations of paragraph 3.

4. SEL admits that it is a corporation organized and existing under the laws of Delaware.  SEL also admits that it markets, distributes and sells Blu-ray Disc players, VAIO computers containing Blu-ray Disc drives; and computer peripheral products including Blu-ray Disc drives.  SEL denies the remaining allegations of paragraph 4.

5. SCEI admits that it is a corporation organized and existing under the laws of Japan.  SCEI admits that SCEA is its wholly owned subsidiary and that SCEA distributes and sells PlayStation 3 computer entertainment systems that include a Blu-ray Disc drive in the United States.  SCEI denies the remaining allegations of paragraph 5.

6. SCEI admits that certain of its employees travel on occasion to the United States to meet with employees of SCEA and to attend tradeshows.  SCEI denies the remaining allegations of paragraph 6.

7. SCEA admits that it is a corporation organized and existing under the laws of Delaware and that its principal place of business is at 919 East Hillsdale Blvd., Foster City, California 94404.  SCEA also admits that it is a wholly owned subsidiary of SCEI.  SCEA also admits that it markets and distributes in the United States the PlayStation 3 computer entertainment system that includes a Blu-ray Disc drive.  SCEA denies the remaining allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Sony admits the allegations of paragraph 8.

9. Sony denies the allegations of paragraph 9.

## CLAIM FOR PATENT INFRINGEMENT

10. Sony is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Sony denies the allegations of paragraph 11.

12. Sony denies the allegations of paragraph 12.

13. Sony denies the allegations of paragraph 13.

## DEMAND FOR JURY TRIAL

No response required.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

14. Sony has not directly infringed any claim of U.S. Patent No. 5,438,560 ("the '560 Patent").

15. Sony has not contributed to infringement of any claim of the '560 Patent.

16. Sony has not induced infringement of any claim of the '560 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

17. The claims of the '560 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

18. On information and belief, Orinda has been, or should have been, aware of Sony's accused activities and products for a number of years and thus, has unreasonably and

inexcusably delayed filing suit for alleged infringement against Sony. Orinda's delay in filing suit has caused material prejudice to Sony. As a result, Orinda is barred from recovery for any alleged infringement by Sony under the doctrine of laches.

## **FOURTH AFFIRMATIVE DEFENSE**
### **(Lack Of Jurisdiction)**

19.     The Court lacks personal jurisdiction over defendants Sony Corp. and SCEI.

## **FIFTH AFFIRMATIVE DEFENSE**
### **(Improper Venue)**

20.     Venue is not proper in this Court with respect to Sony.

## **SIXTH AFFIRMATIVE DEFENSE**
### **(Prosecution History Estoppel)**

21.     Sony's accused products cannot and do not infringe the '560 Patent based on the doctrine of prosecution history estoppel. During prosecution of the application that matured into the '560 Patent, the applicant made amendments and arguments in order to obtain allowance of the '560 Patent. The public, including Sony, is entitled to rely on such amendments and arguments. As a result of these amendments and arguments, Orinda is estopped from asserting the claims of the '560 Patent against Sony's products and activities.

## **SEVENTH AFFIRMATIVE DEFENSE**
### **(Failure To Mark)**

22.     Orinda is not entitled to recover damages due to the failure of it and its predecessors or licensees to mark products or products made, offered or sold for or under them, or to otherwise provide notice prior to the filing of this action, in accordance with the provisions of 35 U.S.C. § 287(a).

## **EIGHTH AFFIRMATIVE DEFENSE**

## **(Failure To State A Claim Upon Which Relief Can Be Granted)**

23. The Complaint fails to state a claim upon which relief can be granted against Sony.

## PRAYER FOR RELIEF

WHERFORE, Sony respectfully requests the following relief:

A. Dismissal of the Complaint with prejudice, granting Sony's affirmative defenses and a denial of each request for relief made by Orinda;

B. An award to Sony of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

C. Such other and further relief and this Court deems just and proper.

DATED: December 10, 2008                                        Respectfully submitted,

*/s/ Gregory S. Gewirtz*
Gregory S. Gewirtz
Admitted *Pro Hac Vice*
E-mail:  ggewirtz@ldlkm.com
Roy H. Wepner
E-mail:  rwepner@ldlkm.com
Raymond B. Churchill, Jr.
Admitted *Pro Hac Vice*
E-mail:  rchurchill@ldlkm.com
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07016
Tel:  908.654.5000
Fax:  908.654.7866

OF COUNSEL:
Melvin R. Wilcox, III
Texas Bar No. 21454800
YARBOROUGH & WILCOX
100 East Ferguson, Suite 1015
Tyler, TX 75702

Tel:903.595.1133
E-mail: mrw@yw-lawfirm.com

*Attorneys for Defendants
Sony Corporation, Sony
Electronics Inc., Sony Computer
Entertainment Inc., and Sony
Computer Entertainment
America Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 10th day of December, 2008.

/s/***Melvin R. Wilcox, III***
Melvin R. Wilcox, III